UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS EDGAR SPARKS, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:17-CV-332-JD-MGG |
| SUPERINTENDENT, | |
| Respondent. | |

OPINION AND ORDER

Thomas Edgar Sparks, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction and sentence for drug trafficking under Cause No. 89D02-9602-CF-8. Following a guilty plea, on October 28, 1996, the Wayne Superior Court sentenced Sparks to fifty years of incarceration. Sparks argues he is entitled to habeas relief because: (1) he was improperly sentenced as a habitual offender; (2) he received ineffective assistance of counsel because his appointed counsel was not licensed to practice law in the State of Indiana; (3) the prosecution suborned perjured testimony during a hearing at the post-conviction relief stage on November 4, 2003; and (4) the trial court violated his rights under the Equal Protection Clause by refusing to allow Sparks to withdraw his guilty plea and by issuing a maximum sentence.

The respondent argues that Sparks' habeas petition is untimely. The statute of limitations for habeas corpus cases is articulated in 28 U.S.C. § 2244(d), which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The respondent argues that only 28 U.S.C. § 2244(d)(1)(A) applies to Sparks' claims. To the respondent's point, nothing in the petition suggests that State action impeded him from filing a habeas corpus petition sooner or that Spark's claims are based on a newly recognized constitutional right. However, because Sparks has asserted a claim based on the post-conviction proceedings, the court will also consider whether 28 U.S.C. § 2244(d)(1)(D) applies. "[W]hether the timeliness of § 2254 claims should be evaluated based on a single statute of limitations that applies to a § 2254 petition in its entirety or, on the other hand, whether individual claims in a petition

must be evaluated for timeliness on a claim-by-claim basis" remains an open issue. *Steele v. Lemke*, 2014 WL 148742, at *2 (N.D. Ill. Jan. 14, 2014); *Taylor v. Michael*, 724 F.3d 806, 810 n.3 (7th Cir. 2013). For purposes of this opinion, the court will apply the approach most favorable to Sparks and evaluate the petition in its entirety. Under this approach, "every claim should be considered timely if any claim is timely." *Taylor*, 724 F.3d at 810 n.3.

On direct appeal, the Indiana Supreme Court denied Sparks' petition to transfer on September 14, 2000. ECF at 18-2 at 4. Therefore, Sparks' conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on December 13, 2000. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). For purposes of 28 U.S.C. § 2244(d)(1)(D), the operative date is November 4, 2003, the date when Sparks became aware of the factual predicate for his claim of prosecutorial misconduct at a post-conviction relief hearing. Because this date is later than date the conviction became final, the federal limitations period began to run on November 4, 2003. The federal limitations period was tolled until November 12, 2004, when the Court of Appeals of Indiana affirmed the denial of Spark's petition for post-conviction relief. ECF 18-3 at 2. The federal limitations period thus expired one year later on November 12, 2005. Sparks

filed his federal habeas petition on May 1, 2017. ECF 1. Accordingly, because Sparks filed the petition more than eleven years too late, the petition is untimely.

Sparks argues that his habeas petition is timely because he has given the State courts multiple opportunities to address his conviction and sentence. Though Sparks later attempted to file successive petitions for post-conviction relief, these petitions did not restart the federal limitations period, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Further, under Indiana law, petitioners are required to obtain authorization from the State courts to file a successive petition. *Matheney v. State*, 834 N.E.2d 658, 661 (Ind. 2005). The Court of Appeals of Indiana denied Sparks' requests for authorization. ECF 18-1 at 26-37. Significantly, unauthorized successive petitions are not "properly filed" under 28 U.S.C. § 2244(d)(2) and thus do not toll the limitations period. *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005). Moreover, even if the pendency of Sparks' post-2004 State court filings tolled the federal limitations period, the habeas petition would still be untimely.

Sparks also argues that his appointed counsel failed to preserve his claims for federal habeas review. Though this argument may be a response to the respondent's procedural bar argument, the court will consider whether appointed counsel's performance excuses the untimely nature of his petition and construe this argument as a request for equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). For diligence, federal habeas petitioners must show

4

reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Here, the record does not indicate that Sparks made any effort to file a federal habeas petition prior to May 2017. Even assuming that State court proceedings qualify as diligent pursuit for purposes of equitable tolling, the record reflects that Sparks made no challenges to his conviction or sentence in State court between 2008 and 2015. ECF 18-1 at 26-28. Moreover, Sparks does not explain how appointed counsel's failure to preserve issues for federal habeas review prevented him from filing a timely federal habeas petition. Therefore, equitable tolling does not excuse the untimely nature of the habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Sparks to proceed further, and a certificate of appealability is denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the amended petition (ECF 3) because it is untimely;

(2) DENIES Thomas Edgar Sparks a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DENIES Thomas Edgar Sparks leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(2); and

(4) DIRECTS the clerk to close this case.

SO ORDERED on March 22, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT